UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIAN SWAIN,

    Plaintiff,

    v.

MAX EVANS, *et al.*,

    Defendants.

No. 04 C 5889
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This summary judgment motion centers on an incident in which a police officer, Defendant Max Evans ("Defendant" or "Officer Evans"), shot a man, Plaintiff Julian Swain ("Plaintiff" or "Mr. Swain"). The question is whether there is liability for excessive force. Was the shooting accidental or intentional? If intentional, and without legal justification, there is liability; if accidental, and not otherwise unlawful, there is no liability.

Two days before the incident, Mr. Swain was arrested (not by Defendant) for a burglary and held for about 48 hours before he was released. After release, he went to a store where a manager saw someone of the same race as Plaintiff and dressed similarly to Plaintiff steal cameras. The manager confronted him as he left, but the man rode off on his bicycle. The manager reported this to Officer Evans, who was nearby in his squad car. Officer Evans pursued Mr. Swain who knew he was being pursued but chose to speed away on his bicycle because, after his recent experience, he did not want to be bothered. Eventually, Plaintiff abandoned his bike and fled into a wooded area which was the backyard of someone's residence. Officer Evans, who was now out of his car, drew his weapon, turned on his flashlight and continued his pursuit. Officer Evans could not see or hear Plaintiff.

Officer Evans and Mr. Swain collided. Officer Evans fell to the ground and, when his elbow hit the ground, the impact caused his finger to pull the trigger without his meaning to do so. The bullet hit Mr. Swain on his right side below the rib cage. According to Mr. Swain, he fell, and Officer Evans grabbed him and jumped on top of him. Then, Mr. Swain said he attempted to get up and then heard the gun shot. Mr. Swain never saw the firearm before he was hit.

Officer Evans makes no claim that an intentional shooting would be legally justified in these circumstances.

Mr. Swain could not, and does not, contradict Defendant's version of what happened with the firearm. There is nothing about Officer Evans' account, standing alone, that would justify a reasonable finder of fact to conclude it was a lie. The photographs of the scene itself do not compromise the account given by Officer Evans. There are cases in which officers have been found liable solely because there was some reason to doubt their testimony, but that is not true here. Those cases all involved inconsistencies in the officer's own accounts of what occurred. There were not such contradictions here. This case is similar to one that Judge Leinenweber dealt with in *Salazar v. Dvorak*, No. 00 C 285, 2001 WL 290358 (N.D. Ill. March 20, 2001). I find that case persuasive and well reasoned. So if liability is to be found, it can only be found in some other action taken by Officer Evans.

Mr. Swain argues that Officer Evans violated his civil rights by drawing the weapon in the first place, thereby "seizing" him without legal reason. This argument cannot stand against the defense of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194 (2001). Neither can it stand against a defense on the merits.

The drawing of a weapon does not convert a police encounter into an arrest. *See generally United States v. Ocampo*, 890 F.2d 1363, 1369 (7th Cir. 1989) (*citing United States v. Serna-Barreto*, 842 F.2d 965, 967 (7th Cir. 1988); *United States v. Novak*, 870 F.2d 1345 (7th Cir. 1989). It is difficult to find cases in which the unjustified drawing of a weapon itself was the principal basis on which liability was found. In this case, drawing the weapon was reasonable. Officer Evans knew that Mr. Swain was running from police. It was evening (8:30 p.m. in late September), and the area into which Mr. Swain had run was dark and wooded. He could not see Mr. Swain (and he says that his training was to draw his weapon when he lost sight of a person he was pursuing). Mr. Swain was dressed in a hooded sweatshirt so that Officer Evans could not determine whether Mr. Swain was armed. Officer Evans' conduct was reasonable under the standard set forth in *Graham v. Connor*, 490 U.S. 386 (1989). *See Brower v. County of Inyo*, 489 U.S. 593 (1989). A police officer is entitled to take into account the things he does not know about a fleeing suspect in deciding whether to draw his firearm. *Pleasant v. Zamieski*, 895 F.2d 272 (6th Cir. 1990).

The law does not simply fail to warn a police officer that the conduct here could subject him to suit; it appears to decide that his conduct in drawing a weapon was clearly lawful.

Defendant's motion for summary judgment is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: September 26, 2007